**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

| | |
|---|---|
| JAMAR JOHNSON,<br><br>                               Plaintiff<br>    v.<br><br>BOROUGH OF PENNS GROVE;<br>OFFICER CHRISTOPHER HEMPLE;<br>OFFICER PATRICK RILEY;<br>OFFICER JOHN BOUCHER;<br>OFFICER JASON SPERA;<br>CHIEF OF POLICE JOHN STRANAHAN;<br>JOHN DOES 1-10, Jointly, Severally and/or in the Alternative<br>                               Defendants | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No: .<br><br>**COMPLAINT** |

Plaintiff Jamar Johnson currently residing in the Borough of Penns Grove, County of Salem, and State of New Jersey, by way of Complaint against the Defendants states:

### Introduction

This is a civil rights action brought by Plaintiff Jamar Johnson to seek relief for the Defendants' violations of his rights secured under the Civil Rights Act of the 1871, 42 U.S.C. §1983 and the rights secured by the 1st, 4th, 5th and 14th Amendments to the United States Constitution and the rights secured under the Constitution of the State of New Jersey, Article 1, §1, 6 and 7 and the common law of the State of New Jersey. Plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief and such other relief as the court deems just and equitable.

### Jurisdiction

Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 1334 (3) and (4) as this action seeks redress for the violation of Plaintiff's Constitutional and Civil rights.

Further, Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

Plaintiff further invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 (a), over any and all State Constitutional and State law claims that are so related to the claims within the original jurisdiction of this Court that they formed part of the same case or controversy.

## Venue

Venue is proper in the United States District Court for the District of New Jersey, Camden Vicinage pursuant to 28 U.S.C. §1391 (b) and (c) because the actions of forming the basis of the Complaint took place in Salem County New Jersey and at least one of the Defendants resides in the District of New Jersey in the Camden Vicinage.

## First Count

1. Plaintiff Jamar Johnson is an African-American citizen of the United States and was at all times relevant herein a resident of the Borough of Penns Grove, County of Salem State of New Jersey.

2. The Defendant Borough of Penns Grove was and is a municipal corporation duly incorporated and authorized under the laws of the State of New Jersey to maintain a Police Department, the Penns Grove Police Department which acts as its agent in the area of law enforcement for which it is ultimately responsible. The Defendant Penns Grove assumes a risk incidental to the maintenance of the police force in the employment of its police officers.

3. At all relevant times mentioned herein, the Defendant Borough of Penns Grove hired, employed supervised and controlled the individually named Defendant police officers.

4. Defendant Police Officers Christopher Hemple, John Boucher, Patrick Riley, Jason Spera, and John Doe Penns Borough Police Officers 1-10 were at all times relevant herein, an

2

officer, employee and agent of the Penns Grove Police Department, a municipal agency of the Defendant Borough of Penns Grove. These individual Defendant Police Officers were duly appointed and acting as Police Officers for the Defendant Borough of Penns Grove and are being sued in their individual and official capacities.

5. At all times relevant herein, all of the named Defendant Police Officers were acting under color of State law in the course and scope of their duties and functioned as agents, employees, and officers of the Defendant Borough of Penns Grove and/or its Police Department while engaging in the conduct described herein. At all times mentioned herein, the individually named Defendant Officers have acted for or on behalf of the Defendant Borough of Penns Grove and its Police Department with the power and authority vested in them as officers, agents and employees of the Defendant Borough of Penns Grove and its Police Department and incident to the lawful pursuit of their duties as officers, employees and agents of the Defendant Borough of Penns Grove and the Penns Grove Police Department.

**Statement of Facts**

1. On or around April 15, 2018, the Plaintiff was falsely arrested by the Defendants Borough of Penns Grove Police Officers, Defendants Christopher Hemple, John Boucher, Patrick Riley, and Jason Spera, and falsely charged with manslaughter, simple assault, second degree aggravated assault, and witness tampering without probable cause and without adequate investigation.

2. The arrest of the Plaintiff was caused by false information manufactured and provided by the Defendant Borough of Penns Grove Police Officers, Defendants Christopher Hemple, John Boucher, Patrick Riley, and Jason Spera acting as agents, servants, and employees of Defendant Borough of Penns Grove.

3. The Defendant Officers arrived at Plaintiff's residence on or around April 15, 2018 and forcefully placed Plaintiff in handcuffs and arrested Plaintiff in front of his family and community without probable cause and in violation of the Plaintiff's Federal and New Jersey Constitutional Rights.

4. During Plaintiff's Grand Jury proceeding relating to the arrest and resultant criminal charges, Defendant Officers Christopher Hemple, John Bowsher, Patrick Riley and/or Jason Spera and/or John Doe Borough of Penns Grove Police Officers 1-10 knowingly lied while testifying under oath before the Grand Jury concerning Plaintiff's involvement in the crimes alleged, knowing another individual was responsible for the crimes alleged against the Plaintiff which resulted in the false indictment and prosecution of the Plaintiff for serious criminal offenses these Defendants knew were committed by another person. Further, the Defendant Penns Grove Officers knowingly falsified their police reports in relation to Plaintiff's arrest and forming the basis for the criminal charges made against the Plaintiff knowing that another individual was responsible for the crimes alleged against the plaintiff and knowing that the Prosecutor's Office would rely on the facts contained in these reports to prosecute Plaintiff for crimes he did not commit.

5. Thereafter, pending a Trial in the criminal matter, and as a result of the false criminal charges levied against the Plaintiff by the individual Defendant Police Officers, Plaintiff was wrongfully imprisoned, detained and deprived of his liberty for over a one year period, and as a result, Plaintiff lost his job as a laborer/truck driver. Plaintiff was also forced to spend thousands of dollars on attorney fees to defend himself from these false charges filed against him by the Defendants. Plaintiff has further been unable to find employment due to the stigma of Defendants' falsely charging Plaintiff with the aforementioned crimes, including manslaughter.

6. On or about March 15, 2019, while Plaintiff was incarcerated pending Trial on the false criminal charges, the Warden of Salem County Correctional Facility informed Plaintiff that he was being released as it was determined that he was not the individual who committed the criminal offenses that he had been charged with and was incarcerated as a result thereof, as Defendants had written statements and video evidence that the actual perpetrator was another person who they were aware of, which the Defendants' had possessed from the time the false criminal charges were originally initiated against the Plaintiff by these Defendants over one year prior.

7. At all relevant times, Defendant Borough of Penns Grove Police Officers, Defendants Christopher Hemple, John Boucher, Patrick Riley, and Jason Spera were the employees, agents, and servants of Defendants Borough of Penns Grove's Police Department and were at all times acting in the course of their employment with the Defendant Penns Grove and under color of State law by their conduct described herein, deprived the Plaintiff of his right to be free from unreasonable searches and seizures and arrest without reasonable suspicion and probable cause as required by the 4th and 14th Amendments, and as such these Defendants are liable to the Plaintiff for a violation of 42 U.S.C. §1983 which prohibits the deprivation under color of State law of the rights secured under the United States Constitution. It is alleged that all of these Defendant Officers collaborated and conspired with each other in the false arrest, investigation, and malicious prosecution of the Plaintiff and violation of Plaintiff's New Jersey Constitutional Rights.

8. On April 15, 2018, Defendants John Stranahan, Christopher Hemple, John Boucher, Patrick Riley and Jason Spera illegally and improperly caused a criminal complaint to be issued against Plaintiff, which complaint had no basis in fact or law and was issued maliciously and with the motivation to falsely arrest, detain, criminally charge and imprison Plaintiff, and which falsely

5

accused Plaintiff of committing manslaughter, assault, aggravated assault, and witness tampering, when these Defendants knew that another individual was the actual perpetrator of these crimes. Thereafter, Plaintiff was criminally indicted for manslaughter in the second degree, aggravated assault in the third degree, and witness tampering by a Salem County Grand Jury based on the false police reports, evidence and testimony provided by the Defendant Police Officers to the Grand Jury in support of an indictment procured by fraudulent means.

9. Defendant Borough of Penns Grove Police Officers Christopher Hemple, John Boucher, Patrick Riley, and Jason Spera, without probable cause and with malice, maliciously prosecuted Plaintiff, and/or conspired to do the same by filing false charges, evidence and police reports manufacturing charges of manslaughter, assault, aggravated assault, and witness tampering against the Plaintiff. The named Defendant Hemple and the other individual Officers had previously assaulted Plaintiff and filed other criminal charges against the Plaintiff and had a motive and intention to frame the Plaintiff for a crime he did not commit. These Defendants also illegally and tortiously detained Plaintiff and deprived him of his right to liberty, without due process under the law in violation of Plaintiff's New Jersey and United States Constitutional Rights. The actions of these Defendants also constitute a common law malicious prosecution of the Plaintiff and were in violation of Plaintiff's Constitutional Rights under the New Jersey Constitution and United States Constitution and rights relating to the search and seizure of a person upon arrest in violation of policies and procedures within the Defendants' Police Department and his New Jersey and United States Constitutional rights.

10. It is further alleged that the conduct of Defendants John Stranahan, Christopher Hemple, John Boucher, Patrick Riley and Jason Spera, acting individually and in conspiracy with others, resulted in Plaintiff being falsely, maliciously, and unlawfully arrested, detained,

6

prosecuted, and imprisoned without probable cause, and thereby deprived Plaintiff of his New Jersey Constitutional Rights and Federal Constitutional rights pursuant to 42 U.S.C. §1983 to be free from malicious prosecution under the 4th, 5th and 14th Amendments of the United States Constitution and its New Jersey Constitutional counterparts to be free from unreasonable and unlawful seizure of his property and person, to equal protection under the law, and imprisonment of Plaintiff without due process and the right to life and liberty, all in violation of New Jersey and United States Constitutional Rights and the laws of the State of New Jersey, constituting a violation of the New Jersey Civil Rights Act; NJSA 10:6-2 et. seq. and 42 U.S.C §1983 the Federal Civil Rights Act.

11. All of the acts described above were committed in a willful and malicious manner, with an immoral purpose, and to injure the reputation, standing, and integrity of the Plaintiff, all to his detriment. Defendants are therefore liable to Plaintiff for punitive damages in addition to compensatory damages.

12. After Plaintiff's arrest, the Defendant Officers, specifically Defendants Hemple and Spera, provided false and misleading testimony to a Grand Jury and failed to provide exculpatory evidence, which resulted in the indictment and imprisonment of the Plaintiff for aggravated assault, witness tampering, and manslaughter for over a one year period pending the Trial date in the matter.

13. The Plaintiff was successful in having the above-mentioned criminal indictments dismissed by the Salem County Prosecutor's Office over one year after Plaintiff was charged and detained in prison pending Trial on these false charges, even though Defendants had written statements and video evidence of the incident from the outset of Plaintiff's arrest. The Defendant Borough of Penns Grove is vicariously liable for the actions of these agents, servants, and/or employees under principals of *respondeat superior* in respect to all common law claims pled herein.

14. As a direct and proximate result of the Defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in arresting, detaining, and unlawfully searching and seizing the Plaintiff and his property, and maliciously prosecuting the Plaintiff, Plaintiff was greatly humiliated, disgraced, suffered great mental and physical aguish, suffered severe harm to his reputation and standing in the community, was forced to undergo the rigors and strain of a false arrest, detention, deprivation of his liberty, false imprisonment, unlawful search and seizure, and malicious prosecution, and has otherwise been damaged and injured in diverse other manners to his great detriment.

Wherefore, Plaintiff demands judgment against the Defendants, jointly, severally, and in the alternative for damages, interest, costs of suit, attorneys' fees, punitive damages, and such other relief as the court deems just and equitable.

### Second Count

1. Plaintiff hereby repeats and incorporates each and every allegation contained in the First Count as though herein set forth at length.

2. As a result of the false charges filed against the Plaintiff and malicious prosecution of the Plaintiff by Defendants, Plaintiff was compelled to retain the services of an attorney to represent and defend him on such charges.

3. There was no reasonable or probable cause for the criminal charges and prosecution of the Plaintiff by Defendants, and Defendants knew or should have known this to be the case prior to the false arrest, detention, prosecution, unlawful search and seizure, and false imprisonment of the Plaintiff and prior to the trial date.

4. The Defendants John Stranahan, Christopher Hemple, John Boucher, Patrick Riley, Jason Spera, Borough of Penns Grove, and John Does 1-10, intentionally and maliciously provided

false information and false statements and conspired to criminally charge and indict the Plaintiff and withhold exculpatory evidence from the Grand Jury and the Plaintiff, for the purpose of having criminal charges filed against the Plaintiff, further resulting in the Plaintiff being falsely imprisoned.

5. The Defendant Borough of Penns Grove is vicariously liable for the acts of Defendants John Stranahan, Christopher Hemple, John Boucher, Patrick Riley, and Jason Spera, their agents, servants, or employees pursuant to the principals of *respondeat superior*, agency, or master/servant.

6. As a direct and proximate result of the Defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in arresting, detaining, unlawfully searching and seizing, and falsely imprisoning the Plaintiff, Plaintiff was greatly humiliated, disgraced, suffered great mental and physical aguish, suffered severe harm to his reputation and standing in the community, was forced to undergo the rigors and strain of a false arrest, detention, and unlawful search and seizure, was forced to undergo the rigors and strain of preparing for his defense and appearing in the criminal Court to defend himself with the resultant additional anxiety, loss of sleep, and other damages, has been forced to incur legal expenses in connection with the false charges, has lost his main source of income and his job, and has otherwise been damaged and injured in diverse other manners to his great detriment.

Wherefore, Plaintiff demands judgment against the Defendants, jointly, severally, and in the alternative for damages, interest, costs of suit, attorneys' fees, punitive damages, and such other relief as the court deems just and equitable.

## Third Count

1. Plaintiff hereby repeats and incorporates each and every allegation contained in the First and Second Counts as though herein set forth at length.

2. At all relevant times, Defendants John Stranahan, Christopher Hemple, John Boucher, Patrick Riley, and Jason Spera were employees, agents, and servants of Defendant Borough of Penns Grove Police Department and were at all times acting in the course of their employment with the Department, and Borough of Penns Grove and under color of State title.

3. The Defendant Borough of Penns Grove Police Department, and its Chief of Police Defendant Stranahan, failed to use reasonable care and was negligent, reckless and willful or wanton in the selection of its employees, agents, and servants, failed to properly train and supervise the individual Defendants, and failed to provide appropriate safeguards to prevent the false arrest, detention, unlawful search and seizure of Plaintiff's person, malicious prosecution of Plaintiff, and false imprisonment of Plaintiff.

4. The Defendant Borough of Penns Grove and Defendant Chief of Police Stranahan, acted under color of law developed, implemented, enforced encourage and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to the Plaintiff's Constitutional rights which caused the violation of such rights complained of herein. The Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of his Constitutional rights under the 1st, 4th, 5th and 14th Amendments of the United States Constitution and its New Jersey Constitutional counterparts.

5. It is further alleged, that pursuant to the official policy or custom or practice of the Defendants Penns Grove and Defendant Chief Stranahan intentionally, knowingly, recklessly, willfully, or with deliberate indifference, failed to properly and adequately train, supervise, and/or

discipline on a continuing basis the individual Defendants Officers in the performance of their duties including proper arrest and investigation procedures, probable cause determination and criminal investigations at the obvious risk and consequences, leading to repeated Constitutional violations and deliberate indifference and reckless disregard of the welfare of the public at large, including Plaintiff, and otherwise failed to retrain the individual Defendants from unlawfully and maliciously conspiring to cause the false arrest and malicious prosecution of Plaintiff in violation of the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the State of New Jersey and the United States.

5. The Defendant Borough of Penns Grove and its Chief of Police, Defendant Stranahan, had knowledge of, or had these Defendants diligently exercised their duties to instruct, train, supervise, control, and discipline the individual Defendants on a continuing basis should have had knowledge of the wrongs that were done as alleged above, and intentionally, knowingly, or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission.

6. Defendants Borough of Penns Grove and Chief Stranahan failed to adequately monitor, supervise train and evaluate the performance of its Officers, including the individually named Defendants in this Complaint and John Doe Police Officers 1-10, with respect to their compliance with the laws, policies, procedures, and customs related to probable cause determination, arrest procedures, and criminal investigation(s) in deliberate indifference and with reckless disregard of the welfare of the public, including the Plaintiff and with deliberate indifference failed to adequately and properly investigate citizen complaints of police misconduct and instead acted to condone, ratify and encourage misconduct of its Police Officers.

7. Defendants Borough of Penns Grove and Chief Stranahan have repeatedly and knowingly failed to properly train its Officers, including the individually named Defendants, in respect to violations of New Jersey law, the New Jersey and United States Constitutions, Penns Grove's own policies and procedures related to probable cause determination, arrest procedures, and criminal investigation, creating a pattern, policy, practice, custom, and/or atmosphere that allows illegal and/or unconstitutional behavior to be tolerated and accepted, and condoned by the Defendants Penns Grove and Chief of Police Stranahan with deliberate indifference and without fear of discipline, reprimand, or termination, as to impliedly ratify the unconstitutional and illegal behavior of the Officers under the Defendants.

8. The Defendant Borough of Penns Grove Supervisor(s) and Chief of Police, Defendant Stranahan, under the color of the law and directly or indirectly, thereby approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the individual Defendants, and as such are directly liable to the Plaintiff.

9. As a direct and proximate result of the Defendants' conduct and failure to train, supervise, and failure to act to adequately discourage further Constitutional violations on the part of its Police Officers including the named Defendants and to properly and adequately monitor and discipline its Officers including the named Defendants, in adequately and properly investigating citizen's complaints of police misconduct of its police officers including the named Defendants condoned, ratified and implemented, willfully and intentionally and with deliberate indifference the violation of the Constitutional rights of its citizens and unconstitutional policy practice and custom aforementioned, causing the Plaintiff to be falsely arrested, maliciously prosecuted, falsely imprisoned, and his New Jersey and United States Constitutional Rights were otherwise violated.

Wherefore, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative for damages, interest, costs of suit, attorneys' fees, punitive damages, and such other relief as the court deems just and equitable.

**Fourth Count**

1. Plaintiff hereby repeats and incorporates each and every allegation contained in the First, Second, and Third Counts as though herein set forth at length.

2. The Defendants and each of them acting under color of State law, through the investigation and prosecution of the above referenced indictment, intentionally interfered with Plaintiff's rights, privileges, and immunity secured by the Constitutional laws of the State of New Jersey, and the United States Constitution including but not necessarily limited to his right to equal protection under the law, right to due process, right against self-incrimination, right to be free from malicious prosecutions undertaken without probable cause by law enforcement officers of the State of New Jersey with malice, and a right to be free from unreasonable search and seizure of the person and property pursuant to Article 1, paragraph 7 of the New Jersey Constitution, 4th and 5th Amendment of the US Constitution, and the right to be free from malicious prosecution under Article 1, paragraph 1 and 7 of the New Jersey Constitution, as well as depriving Plaintiff of his New Jersey Constitutional right to his property and liberty, as well as his right to procedural and substantive due process under the law thereby constituting a violation of the New Jersey Civil Rights Act NJSA 10:6-2 et seq.

3. The Defendants and each of them violated the above Constitutional rights by selectively prosecuting Plaintiff by fabricating and manufacturing false evidence against the Plaintiff, having evidence of the actual perpetrator in witness statements and on video committing the acts Plaintiff was accused of, forcing him to endure criminal indictment, deliberately and

13

intentionally suborning false and perjured testimony of witnesses, presenting false testimony to a Grand Jury, destruction and spoliation of exculpatory evidence and failure to present exculpatory material to a Grand Jury, and falsely imprisoning and detaining the Plaintiff for over a year long period to await Trial.

4. The actions of Defendants described above also violated provisions of Title 2C of the Criminal Code of the State of New Jersey. Crimes committed by the Defendants included, but were not limited to:

a. Official misconduct pursuant to N.J.S.A. 2C:30-2 the Defendants knowingly committed acts constituting unauthorized exercise of their official function for the purpose of injuring Plaintiff by depriving him of rights and benefits afforded to him as a law abiding citizen of the State such as the right to due process, equal protection, right to be free from unreasonable searches and seizures, right to remain silent and right to be free from malicious prosecutions initiated by law enforcement personnel;

5. As a direct and proximate result of the purposeful knowing reckless, malicious, intentional, and outrageous acts of the Defendants, Plaintiff suffered severe and devastating losses and damages including damage to his business and personal reputation, embarrassment, shock, humiliation in the community, expenditures of large amounts of money for legal expenses and the cost of defending a frivolous action against him and was otherwise damaged.

Wherefore, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative for damages, interest, costs of suit, attorneys' fees, punitive damages, and such other relief as the court deems just and equitable.

## Fifth Count

1. Plaintiff hereby repeats and incorporates each and every allegation contained in the First, Second, Third, and Fourth Counts as though herein set forth at length.

2. At the aforesaid time and place, the Defendants, John Does 1-10, fictitious name(s), were an unknown person or persons or were unknown incorporated or unincorporated associations authorized to do business in the State of New Jersey, whose actions caused and/or contributed, directly or indirectly, to the malicious prosecution and false arrest herein and the injuries and damages suffered by the Plaintiff.

3. The Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible in whole or in part for the causation of the aforesaid incident. For the purpose of the within complaint, said individuals and business entities have been nominated as John Doe 1-10. The Plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within complaint relative to additional Defendants when, and if, the identity of said individuals or business entities becomes known.

4. As a direct and proximate result of the aforementioned willful, intentional, false, malicious, reckless, or grossly negligent actions of the Defendants, John Doe 1-10, the Plaintiff, sustained certain personal injuries, internal and external and both temporary and permanent in nature, did suffer, is suffering and may in the future suffer great pain, was compelled, is now being compelled and may in the future be compelled to expend large sums of money in an attempt to cure and alleviate said injuries, has been unable and may in the future be unable to pursue his normal business and social activities, thereby resulting in a loss of income, and has been otherwise damaged.

Wherefore, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative for damages, interest, costs of suit, attorneys' fees, punitive damages, and such other relief as the court deems just and equitable.

### Sixth Count

1. Plaintiff hereby repeats and incorporates each and every allegation contained in the First, Second, Third, Fourth, and Fifth Counts as though herein set forth at length.

2. Plaintiff reserves the right to amend this claim any tortious claims in the future as deemed necessary.

Wherefore, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative for damages, interest, costs of suit, attorneys' fees, punitive damages, and such other relief as the court deems just and equitable.

### Jury Demand

Plaintiff hereby demands trial by a jury on all issues herein.

### Demand Pursuant to Rule 4:17-1(b)(iii)

Pursuant to Rule 4:17-1(b)(ii), the Plaintiff hereby demands Answers to Uniform C Interrogatories in lieu of service of the interrogatories themselves.

### Demand or Production of Insurance Agreements

Pursuant to Rule 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a Judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) name and address

of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

### Designation of Trial Counsel

David R. Castellani, Esquire, is hereby designated as trial counsel in this matter.

### Certification Under Rule 4:5-1

I, David R. Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Castellani Law Firm, LLC

Date: February 17, 2021

By: _____
David R. Castellani, Esquire
Attorneys for Plaintiff Jamar Johnson